Oyez, oyez, oyez. All persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit, are admonished to draw nigh and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Please be seated. We will proceed to hear our first case. Ms. Harrell, we'd be delighted to hear from you. Thank you, Judge Wilkinson, and good morning. May it please the Court. My name is Emily Harrell and I'm here representing the appellant, Sammy Ellis. This case presents a question regarding the application of the cross-reference to attempted murder of the Guidelines at 2A2.1. Based on the structure and application of the Guidelines, this Court should apply federal law to determine whether the government has met its burden to establish whether the Guideline applies. This includes a consideration of federal defenses, including, as is relevant here, voluntary intoxication. How you get to the Guideline, I will admit, involves application of state law. You cross-reference from 2K2.1 based on there being another offense. In this case, Mr. Ellis was charged with state attempted murder. And so, the pre-sentence report applied the cross-reference based on him having been charged with that offense. Well, the question isn't a question of whether the attempted murder is a specific intent crime. And the question is, whether the specific intent here. And isn't that a factual matter subject to clearly erroneous standard of review? It is, Your Honor. I would agree with that. And I have outlined... That's a pretty high mountain to climb. Yes, it is. And in the second part of my brief, I outlined my specific reasons why I believe that the judge did commit clear error in finding that that applied. If I look at the transcript, the words, voluntary intoxication, I control F'd. I read it. I did everything. I can't find it. So, how can we say the trial judge made a mistake in not considering something that was never presented in the manner in which it's being presented now? I think, Your Honor, that I have to show that the objection was presented with specific enough information for the judge to consider that that was an issue. In this circumstance, counsel argued that it was accidental. But the record itself is replete with information regarding Mr. Ellis' intoxication on the day of the offense and his history of alcohol abuse, including... Was there a word, intoxication, or something very close there, too, appear in the sentencing transcript? The government counsel at the detention hearing asked him if he was drunk, and he said yes. He said, I had been drinking, yes. Were you drunk? I had been drinking, yes. So, it depends on whether he was specifically answering that question that was put to him by government counsel. The victim himself testified... We're up here on this specific intent case on a clear error standard, and we're up here on the intoxication matter under plain error review. So, between the clearly erroneous standard and the plain error standard of review, that's pretty tough to overcome. My position is, Your Honor, that it's not on plain error review because it was presented with enough specificity to be on harmless error review at this point. I understand that the word objections are supposed to be interposed in a manner that will be helpful to the district judge and framed with some specificity, but it's clear that the words, another offense, that a state offense would qualify. Yes, absolutely. As another offense. I mean, precedent makes that clear, and the state offense is one of attempted murder, and here I admire your candor because I thought, in reading in your brief, that you cited to the Vaughan case and that South Carolina does not recognize intoxication as a defense to this kind of offense. And if the question was not presented and the defense is not recognized under South Carolina law, how does that amount to, how's that even an error, much less a plain error? This is a non-existent defense that was not raised. It's a non-existent defense under state law. That's what we're dealing with here because a state offense qualifies as another offense, and this was not created, this offense took place, it wasn't in a federal territorial jurisdiction that the offense took place. It took place on all of those points. The reason we're here is because once you cross-reference over to 2A2.1, the government still has to show that, based on a preponderance of the evidence to the court, that the defendant qualified as having committed attempted murder. At that point, the federal definitions apply, particularly as you look at the guideline itself, which defines the application of 2A1.1A1 in direct reference to federal first-degree murder. And seems to disregard the jurisdictional element. Correct. Thank you, your honor. And in case after case before this court, the court has considered state and federal defenses. Now normally they're justification defenses, self-defense, for example, but this court has considered both when determining whether the government has met its burden to establish that the guideline applies, and that has happened in a case called Smith, which occurred in Columbia, South Carolina, where a gentleman shot in an open area and hit an innocent bystander. What about a Carroll precedent that says a state offense qualifies as another offense? If that is true, that the state offense qualifies, are we not obliged to take the elements of the state offense rather than create some kind of federal common law or what have you? Because we've got a precedent out there, I think the name of it is Carroll, that indicates that state offenses qualify as another offense, and I'm just not sure how we can pick and choose elements of a state offense, given the fact that the state offense qualifies. And I further have some concern because I really think it comes down to whether there was specific intent here, and I think when all is said and done, it comes down to whether Gross was a credible witness, and that's a credibility finding. Gross was a credible witness. He himself testified to Mr. Ellis's intoxicated state at approximately 11 o'clock in the morning. That being said, I agree with you that the cross-reference can be applied, and in many cases is applied, based on a state offense and its elements, which in this case preclude an intoxication defense. Once you get to 2A2.1, you don't analyze it using state elements of the offense. All of the cases I've read, Your Honor, regarding application of this guideline, apply federal offenses. You're saying apply the whole federal law, not just borrow the affirmative defenses from... I was sort of reading it as I'm allowed to take from the feds and apply it to whatever the state is. You're not saying do that. You're saying just go... Correct. I'm saying all the cases I have read have analyzed 2A2.1 using the federal definition of attempted murder, second-degree murder, first-degree murder, felony murder, that sort of case. In your own case, I can't remember which one... Williams, I think it is. You analyze it using federal law, even though that event took place on state grounds. That would mean... Nobody here asked the... Again, nobody asked the trial judge to do that. The PSR said, South Carolina law, nobody filed an objection. Come into the sentencing. Evidence is taken. Nobody says anything about the federal... The intoxication. Then three months goes by for additional briefing, additional argument. Nobody, as far as I can tell, submits anything. Ultimately, I will give it to you. The trial judge mentions intoxication, drunkenness, alcohol in discussing the sentence that's imposed. I think he's very explicit that guns and alcohol don't mix, but again, the request isn't there. The parties submitted additional briefing when the judge was trying to determine whether the other offense language where you start the cross-reference in 282... Is there a prohibition in the guidelines for using a state offense? Absolutely not, because it says local, state, or federal offense. Judge Cain determined that ultimately, it didn't matter which one he applied. The cross-reference itself would still apply. Once you get to the cross-reference, again, my point is once you get there, you apply federal law. You apply, do the facts of this case meet this definition of, in this case, attempted second-degree murder? That would mean you would get to use federal defenses, in this case, voluntary intoxication, if there's enough evidence that his intoxication precluded him being able to form the specific intent to make it attempted second-degree murder. We don't have to use forfeited defenses? I'm not sure I understand your question. I'm coming back to my colleague's earlier question. You can't. The defense was simply not raised. Judge, I think that when you raise accident... Let me ask you this. What is the use of the phrase another federal or state offense? What use does that... Well, let me... What use is the word state offense? And what use is our precedent if we are free to simply pick and choose the elements of the state offense? The ones we like or the ones we don't like? In past cases, whether a federal or state law was used, it might have been because it didn't make any difference. I'm not sure it makes any difference here. But I don't think that there has been any precedent that I know of that precludes us from using the elements of a state offense if a state offense qualifies as another offense under the guidelines. You can't just take half of a state offense or a quarter of a state offense or whatever. The word state offense is not divisible. It's not qualified. It's not conditional. It says state offense. I see my time has expired. May I answer your question? We have some rebuttal, but go ahead if you have a point. My only point, Your Honor, is that I completely agree with what you're saying. Another offense would mean local, state, or federal. That would mean you use the elements of that offense to determine, yes, Mr. Ellis has perhaps committed this offense. We're going to now cross-reference over to 2A2.1. Once you get there, you have to apply the federal law regarding whether he qualifies as having committed. Where do you get that? Are we going to have some sort of bifurcated proceeding? Is it we apply federal law for some purposes and state law for other purposes? The guidelines are difficult and confusing enough as it is without going down that road. My only response to that, Your Honor, is that the guideline itself defines the murder as being under 18 U.S.C. 1111. It does not also say in the commentary, and oh, by the way, apply state law definitions as well. My only thought is that another offense is fine once you get to the guideline itself. It should be under federal law. Do you have any questions? No. Thank you, Judge. You have some rebuttal time as well. Thank you, Your Honor. Mr. Shedd. Thank you, Your Honor. May it please the Court, Michael Shedd on behalf of the United States. The District Court correctly cross-referenced South Carolina attempted murder. I'd like to start. Can you speak up, please? Yes, Your Honor. I apologize. Microphone closer to you. Yes, Your Honor. I'd like to start with the intoxication defense argument. In particular, the defendant's argument that the federal defense of intoxication applies to the state law cross-reference. In our view, this argument is wrong. Federal defenses are not relevant when cross-referencing a state offense. Applying federal defenses to state law cross-references would seem to undermine the purpose of the cross-reference provision, and it isn't supported by the text of the guidelines. I'd like to start with the text. There's nothing to suggest that federal defenses can block state law cross-references. Under the guidelines, the question is, did the defendant possess the firearm in connection with the commission of another offense? When that other offense is a state crime, that analysis by definition just looks to state law and whether or not it was violated. Including the state defenses. Yes, Your Honor. But didn't the district court also cross-reference the federal crime? That's right, Your Honor. And it's a defense, and intoxication is a defense. That's right, Your Honor. Yes. So the district court referenced both, cross-referenced both the state and the federal crime. So couldn't then the defense, the state, the federal defense be used in reference to the federal crime where there's no defense in reference to the state crime? Yes, Your Honor. I think the district court was explicit that he would have applied the cross-reference to both the federal attempted murder statute and the South Carolina attempted murder. And federal defenses would apply to the federal cross-reference. Your Honor, we don't think the federal cross-reference is appropriate for other reasons, but we would invite the court to focus its analysis on the state law cross-reference. Talk about other reasons, because I agree that the transcript seems clear that the judge applied both. So let's just go with the federal, assume that voluntary intoxication negates intent, and talk about why there wasn't a mistake made. Your Honor, I don't think the evidence in the record would support an intoxication defense. You know, I think the record at J99 shows that the victim, Mr. Gross, testified that there was a beer can next to the defendant, that he was slurring his words, and that he smelled of alcohol, I believe. I don't think that's enough. And that he looked drunk. Yes, Your Honor. Yes, also that he looked drunk. Sounds like intoxication to me. It certainly is evidence of intoxication. I don't think that that is evidence that he was so intoxicated that he would not be able to form specific intent or purpose to commit murder. And I think that the district court's analysis actually contended with the role that alcohol played in this defendant's conduct. JA 146 to 147, the district court recites the defendant's history of alcohol, his problems with alcohol, the way that that contributed to his criminal history. And even for this specific offense, the district court noted something to the effect of, you know, guns and alcohol are a bad combination. So I think that shows that the district court was contending with the role that alcohol was played, even though the intoxication defense wasn't considered because it wasn't raised. When it says federal and state offense, it doesn't have to be both a federal and state offense. It can be one or the other, right? That's right, Your Honor. And so as long as it's one or the other, then the cross-reference would be legitimate. Yes, Your Honor. The question I have is if the guidelines say state offense and if there is an applicable state offense because it's been committed in South Carolina, it's a typical kind of thing with which state courts deal. I'm wondering what authority we have in either our precedent or in the guidelines itself for taking a state offense and splitting it up and saying, well, we will take the state offense for some purposes, but not for others. Then we will get on a different railroad track and use a federal defense to a state court crime, which is not the way it plays out in state court. When you're in state court, you're dealing with a state law question and state law defenses. So I'm wondering what authority do we have to split up the state court offense in the way that is being suggested to us? I agree, Your Honor. I don't think the guidelines call for it. I also think that it undermines the guidelines. This Court has recognized that the purpose of a cross-reference is to hold defendants accountable for their entire conduct. That's United States v. Carroll. I think a big idea for cross-referencing a state crime is to capture conduct that couldn't be prosecuted in federal court. This case is a great example. But wouldn't that open up, if the goal is to eliminate the technical argument, sorry, you can't raise that because it's not a defense, wouldn't it invite the type of inquiry that we're being asked to do here to get that full picture? Was he drunk? Was he intoxicated? Your Honor, I think it's to get the full picture as to whether or not he's committed another offense. To figure out whether or not he's committed an offense against South Carolina law, by definition, that doesn't look to federal defenses. The point of a full picture is a good one. What I can say about it is that the District Court held a hearing on the specific intent element of attempted murder. There, the full picture was laid out. The full picture of the conduct, where the shot was, what Gross was, the history of the relationship between Gross and Ellis and Gross's mother, the fact that he was lying in there was no prohibition in this hearing on specific intent. There was no prohibition on Mr. Ellis from presenting a full and complete picture of his conduct. My colleague is absolutely right. It's important to have the full picture. But the District Court had a full picture before it and there was no prohibition at all on Mr. Ellis presenting evidence of drunkenness, intoxication, or whatever you wish to call it. The opportunity lay before him. It was his. The District Court had a picture of the conduct and that, it seems to me, is important. I come back to my good colleague's earlier question. When you have the opportunity and you don't even mention the intoxication defense with any kind of specificity or spool it out, it's not fair to the role of the District Judge in sentencing. I agree, Your Honor. I think the District Court did a great job. I would point the court to J124 to 127. That's where the District Court really lays out its analysis for how it found specific intent and why it thought the cross-reference was appropriate. Your Honor, I think the District Court primarily relied on the victim's testimony that the defendant pointed the gun at him, chambered around, and pulled the trigger. I think that's enough under South Carolina law. Is there any contention that the District Court limited the presentation of evidence surrounding this Mr. Ellis' shooting of Mr. Gross in the abdomen? No, Your Honor. He doesn't claim that he was forbidden from bringing up anything he cared to bring up. Yes, Your Honor. That's absolutely correct. I think the District Court did a great job, relied on the victim's testimony. It also noted the surrounding circumstances. Although the District Court didn't mention any of the facts surrounding the intoxication in its opinion. Your Honor, I think I would point the court to J146 to 147 where the District Court, I think, does recount the defendant's sort of history with alcohol and how that has contributed. But not the present intoxication during the offense. I read him as maybe so at J147. He says, you know, he recounts the defendant's conduct in this crime and says guns and alcohol are a bad combination or a serious combination. So I think that shows he was contending with the alcohol was sort of at play here. It just wasn't so intoxicated that would, you know, lead to an intoxication defense. And they certainly didn't raise an intoxication defense. If we took your colleague up on the harmless error review, could we still affirm this decision if we looked at it through that lens? And if so, how? Yes, Your Honor. I don't think there was an error at all because I don't think federal defenses apply to state law. But let's say there was. What would you see as the way to affirm the decision nonetheless? Or does it just have to go back? I think you can still affirm, Your Honor. I don't think there's anything in the record to support that the District Court would have found an intoxication defense had merit here. I think the District Court contended with that evidence, you know, and yet still found that the defendant had specific intent to commit attempted murder. So, you know, I think that that shows that the error was harmless if there was an error. But you'd agree the discussion about drinking seemed to come during the application of 3553A factors. It was well past the time at which the guidelines had been calculated. So it didn't seem to really be going after the cross-reference. I agree there was discussion of it. I mean, you obviously brought it up. But you'd agree that didn't happen in the context of the guidelines calculations? Yes, Your Honor. I think that's right. But I do think that even though it was in the context of the 3553A, I think it shows sort of some light into the District Court's opinion of what the intoxication evidence showed and that didn't undermine specific intent. In a trial, there would be a trial in South Carolina Court. The defendant would not be entitled to an instruction, an intoxication instruction, to the jury with that being a defense, correct? That's correct, Your Honor. He would be entitled to what South Carolina law entitled him to. He would not be entitled to an instruction on intoxication. And that being the case, what authority do we have to read into this state offense something which he would never be entitled to, an instruction he would never be entitled to in a state trial? What authority do we have to do that? I don't think any, Your Honor. And that's why we don't think there was an error at all. I would say that we think plain error review applies. And so even if there was error, it can't possibly have been plain error. Your Honor, I'm not aware of any judicial authority on this issue. I think there are two Tenth Circuit cases that flag the issue, but they ultimately don't decide it. I don't think that the three opinions that the defendant cites in his reply brief even consider this issue. I sort of read them as assuming without deciding that the federal defenses would be available, but that they weren't meritorious. And so because there's no judicial authority on that specific issue. So the question is, was this individual dealt with fairly in the sentencing hearing? District courts have a major role in sentencing, but they have to be fair about it. And as I read this evidentiary hearing, the district judge here attempted to be fair. And he knew he got the question right. It wasn't as if he had made an error of law. He used the attempted murder cross-reference. He realized that it was a specific intent crime. He got that right. He had a full hearing on the specific intent question. There were no limitations on the presentation of evidence. What further was the district court expected to do? I agree, Your Honor. I think the district court did a great job. He handled it well. Yes, Your Honor. He even recessed the sentencing hearing so he could consider the case law and look to the guidelines and ultimately determined that because the defendant pulled a gun out, chambered around, and fired it at the victim, that he had committed attempted murder under South Carolina law. Are you also saying with respect to harmless error . . . again, I'm going back to let's say we did that. It sounded like you were inviting us to get into the district judge's head on a topic that wasn't explicitly discussed. Perhaps that's why we're not at harmless error. But again, are you saying as well that even if the federal statute had not been . . . the elements had not been satisfied because the mens rea wasn't there, that it's was satisfied? So you're going to get the same cross-reference either way. The best thing that could have happened under the defense's point of view or the appellant's point of view is that they would have established that the federal crime wasn't committed but we still have the state one and that's why they have to argue we've got to go borrow that defense and put it on the state charge as well. I think so, Your Honor. The cross-reference to the federal crime has to be harmless because there's also the state attempted murder. I think even if we're in harmlessness review and the federal defense is available to block the cross-reference to the South Carolina attempted murder cross-reference, even that could be harmless because there's not a valid intoxication defense. Any error would have to affect the outcome. This couldn't have affected the outcome because even if that federal defense is available to block the state law cross-reference, he doesn't have a valid intoxication defense. So what does accident encompass to you? This has sort of been presented as accident is preserved under clear error review, voluntary intoxication is not, and obviously I think the appellant's trying to move intoxication into accident. What does accident mean to you when a lawyer says it was an accident? Your Honor, when I think of accident, I think of like physical, you know, an accident did not even physically intend to do. I think that the intoxication defense, the federal intoxication defense at least, can negate specific intent. And so to me that could encompass a defense that, yes, even if he sort of in the moment intended to pull out the gun and shoot, he was so intoxicated that he couldn't possibly have formed the purpose to do that. So I think of accident more in the realm of a physical sort of didn't even intend to do the actual conduct. Whereas I would distinguish the federal defense of intoxication as just negating the specific intent. If he'd had a good intoxication defense, do you think he might have actually raised it and that the reason it wasn't developed was because he realized that it was not persuasive? I believe so, Your Honor. You know, I think that, you know, the alcohol may even, you could interpret the record as the district court thinking that the alcohol even contributed to his decision to commit attempted murder. Alcohol lowers inhibitions. So I agree with Your Honor that if there was a valid intoxication defense, he likely would have raised it and he did not. Unless there are further questions, I would ask the court to affirm. Okay. Thank you. Ms. Harrell, we'd be happy to hear from you in rebuttal. Thank you, Your Honor. Let me just, before I forget, Mr. Ellis did go back to the state court and he did plead guilty to the attempted murder at the end of July of this year. He was sentenced in that court to 20 years imprisonment. And I'm very sorry. I meant to say that in my opening. So my apologies to you. We talked about a fuller picture, a full picture of what the district court considered, a full picture of what was presented. The district court did indeed adjourn and go back and read the transcript of the detention hearing where government counsel asked him, were you drunk? Yes. I had been drinking. Yes. So you don't remember whether there was ammunition in the gun. I knew it was loaded. I don't remember putting that in no chamber based on the government counsel's question of, were you drunk? Information from the victim himself. He looked drunk. He was slurring his words. He smelled of alcohol. And this from a distance of at least 10 feet, drunk, slurring his words, smelled of alcohol with a big 42 ounce can of beer next to him at 11 o'clock in the morning. So I agree there are facts and evidence that may have supported intoxication. But I think the problem I'm having is that the trial court is supposed to, they're out there, but they're not packaged or presented that way. And so is the trial court's obligation to read the elements, find out all the affirmative defenses and sort of do a checklist for the defense and say, well, is it this? Is it this? Is it this? It seems to be impossible to put on a trial court to have to do that. I think in the context of this record, it's not impossible. And opposing counsel talked about accident and how he viewed accident as being sort of a physical bumbling or whatever. Accident can be just that, an accident when you don't have the intent to pull the trigger to kill someone. It's accidental because you have not formed the specific intent. So what you've just read to us from the transcript and the words of government counsel, that goes to the question of whether the district court clearly erred in finding specific intent. And so your argument when you talk about whether there was some impairment of judgment or not goes to challenging the district court's fact-finding. Correct? Yes, Your Honor. And that's what I don't understand because it seems to me that the question that you're raising is more one of fact than it is one of law. And that is that the district court should have factually taken account of possible impairment of judgment. But that's a matter of fact. And it's subject to a clear error standard. But it just seems to me your argument at bottom is that the district court didn't take sufficient account of the evidence that you presented. I don't own a shotgun, but I do believe there are two barrels in a shotgun. One is that in this instance, the legal argument that he should have been able to assert a voluntary intoxication defense because it's available to him under federal law to negate the specific intent. It's not enough that he was just drunk. What he needs to show is that it impacted his ability to form the intent. The other part of the barrel goes to the fact that the record has the evidence in it to establish that. That's my point in making those arguments. So thank you very much, unless you have further questions. Do you have a concluding statement? Whenever we've taken someone's time with questions, we give them time for a concluding statement. Do you have a concluding statement? I believe on this record, the federal defense of intoxication is available to Mr. Ellis and that based on the record of this matter, the district court erred in failing to consider that. I would request that it be vacated and remanded to the district court for further consideration. You have the last word. I often do, Your Honor. Thank you very much. We would like to come down and drink counsel and we'll move into our next case.
judges: J. Harvie Wilkinson III, Nicole G. Berner, Brendan A. Hurson